UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BETH P. GESNER
CHIEF UNITED STATES MAGISTRATE JUDGE
MDD_BPGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

December 8, 2017

Alfred D. Holder, Jr., Esq.
Holder Law Group LLC
PO Box 10509
Towson, MD 21285

R. Wayne Pierce, Esq.
The Pierce Law Firm, LLC
133 Defense Hwy., Ste. 201
Annapolis, MD 21401

Edward Tuddenham, Esq.
Law Office of Edward Tuddenham
228 W 137th St.
New York, NY 10030

Wendell V. Hall, Esq.
Hall Law Office
1200 G St. NW, Ste. 800
Washington, D.C. 20005

    Subject:    Aviles-Cervantes, et al. v. Outside Unlimited, Inc.
                    Civil No.: RDB-16-1214

Dear Counsel:

In accordance with the parties' Agreed Motion To Refer To Magistrate (ECF No. 50), this case was referred to me to resolve all non-dispositive motions, including the pending motions to modify the scheduling order, for leave to file a third amended complaint, and for leave to withdraw appearance. (ECF No. 51). This letter order addresses the first two motions.

Currently pending is Plaintiffs' Motion for Leave to File a Third Amended Complaint ("Motion") (ECF No. 44), Defendant's Opposition to Plaintiffs' Motion for Leave to File a Third Amended Complaint ("Opposition") (ECF No. 56), Plaintiffs' Reply Memorandum of Law in Support of Motion for Leave to File a Third Amended Complaint ("Reply") (ECF No. 57), and Defendant's Sur-Reply Brief in Opposition Plaintiffs' Motion for Leave to File a Third Amended Complaint ("Sur-Reply") (ECF No. 62). In the proposed Third Amended Complaint, plaintiffs seek to add two individual defendants and to expand the time period in the complaint to include 2016-17. (ECF No. 44-3). In its Opposition, defendant argues that plaintiffs' amended complaint is futile, and the Motion should be denied, because the plaintiffs' allegation of individual liability against Joseph Medved and Rob Childs cannot withstand a motion to dismiss. (ECF No. 56, at 1.) [1]

Plaintiffs' Reply asserts that the allegations as to the individual defendants are adequate under current case law because they sufficiently allege employer status. (ECF No. 57 at 2-3). In the alternative, plaintiffs propose a Fourth Amended Complaint in the event that the court finds that the Third Amended Complaint does not sufficiently plead that Mr. Medved is plaintiffs' employer. (Id. At 4-6). At the request of the court (ECF No. 61), defendant filed a

---

[1] Defendant does not appear to challenge the proposed amendment to expand the time period of the complaint.

<u>Aviles-Cervantes et al v. Outside Unlimited, Inc.</u>
Civil No.: RDB-16-1214
December 8, 2017
Page 2

sur-reply addressing plaintiffs' proposed Fourth Amended Complaint. (ECF No. 62). For the reasons noted below, the court concludes that it is in the interest of justice and judicial economy to grant leave to file plaintiffs' proposed Fourth Amended Complaint.

Federal Rule of Civil Procedure 15(a) provides that a "party may amend its pleading once as a matter of course" either twenty-one days after serving it or within twenty-one days after service of a responsive pleading or a motion under Federal Rule of Civil Procedure 12(b), (e), or (f). Fed. R. Civ. P. 15(a). Outside of this time period, amending a pleading requires either the consent of the opposing party or leave of court. Fed. R. Civ. P. 15(a)(2). Generally, the "court should freely give leave when justice so requires." <u>Id.</u> A court should deny leave to amend if amendment would prejudice the opposing party, reward bad faith on the part of the moving party, or amount to futility. <u>Laber v. Harvey</u>, 438 F.3d 404, 426 (4th Cir. 2006). In this case, defendant does not argue that it is prejudiced by the amendment or that plaintiffs are acting in bad faith, but rather, that the amendment is futile because it could not survive a motion to dismiss. (ECF No. 56 at 1). For the reasons discussed below, it is clear that plaintiffs state a plausible claim against Joseph Medved and, therefore, the proposed Fourth Amended Complaint would not be futile.

Under the economic realities test for determining whether an individual is an employer, the totality of the circumstances, rather than any single factor, is dispositive. <u>Roman v. Guapos III, Inc.</u>, 970 F. Supp.2d 407, 416-17 (D. Md. 2013)(citing authority). Among the factors are "the person's job description, his or her financial interest in the enterprise, and whether or not the individual exercises control over the employment relationship." <u>Gionfriddo v. Jason Zink, LLC</u>, 769 F. Supp. 2d 880, 890 (D. Md. 2011). In this case, among other allegations, the Fourth Amended Complaint states that defendant Medved was in charge of defendant, signed plaintiffs' job offers and represented to the Department of Labor that he was authorized to act on defendant's behalf. Further, it alleges Medved was routinely at the workplace and "(1) had the power to hire and fire the employees, (2) supervised and controlled employee conditions of employment, (3) determined the rate and method of payment, and (4) was in charge of ensuring that the employment records were maintained." (ECF No. 57-1 at para. 7). These allegations clearly state a plausible claim against Medved. <u>See</u>, e.g., <u>Macsherry v. Sparrows Point, LLC</u>, ELH-15-22, 2015 WL 6460261, at *9 (D. Md. Oct. 23, 2015) (allegations that individual defendant was president of company, had financial interest and managerial duties, and supervised and controlled plaintiff's employment, including the payment of wages, was sufficient to overcome a motion to dismiss); <u>Roman</u>, 970 F. Supp. 2d at 417 (complaint alleging individual defendants operated and controlled the business, had the power to hire and fire employees, controlled work schedules, and controlled plaintiffs' pay was sufficient to overcome a motion to dismiss); <u>Ford v. Karpathoes Inc.</u>, ELH-14-824, 2014 WL 6621997, at *6 (D. Md. Nov. 20, 2014) (plaintiffs' complaint adequately plead individual liability as employers under the FLSA where defendants had "direct role in hiring, supervising, and firing employees" and controlled conditions and terms of plaintiffs' employment); <u>Reynolds v. Solo & AD, Inc.</u>, CDB-15-2021, 2015 WL 5882053, at *4 (D. Md. Oct. 2, 2015) (same).

Aviles-Cervantes et al v. Outside Unlimited, Inc.
Civil No.: RDB-16-1214
December 8, 2017
Page 3

      In its sur-reply, defendant does not address whether the Fourth Amended Complaint states a plausible claim that Medved is an employer, but instead challenges plaintiffs' ability to rely upon "information and belief" pleading, as well as the timeliness of the latest proposed amendment. The court rejects defendant's argument that the Fourth Amended Complaint would be futile because it is improper to allege facts "upon information and belief" unless the facts at issue are within the exclusive knowledge of defendant. (ECF No. 62 at 3). Pleading in this fashion "is a permissible way to indicate a factual connection that a plaintiff reasonably believes is true but for which the plaintiff may need discovery to gather and confirm its evidentiary basis." Doe v. Salisbury University, 123 F.Supp.3d 748,768 (D. Md. 2015).

      The court also rejects defendant's timeliness argument. It should be noted that plaintiffs' Motion for Leave to File their Third Amended Complaint was filed within the time frame contemplated by the Scheduling Order. (ECF No. 35). Although plaintiffs' request to file a Fourth Amended Complaint was filed after that deadline, plaintiffs made this request in response to defendant's argument that the Third Amended Complaint would be futile. The differences between the two proposed complaints are that the Fourth Amended Complaint omits Rob Childs, one of the individual defendants noted in the Third Amended Complaint, and adds factual allegations as to the remaining, proposed individual defendant Medved. Clearly, granting leave to file the Fourth Amended Complaint will promote judicial economy in that serial Motions to Dismiss or other procedural challenges will be avoided. Specifically, the court will not have to address defendant's inevitable challenges to the Third Amended Complaint's inclusion of Rob Childs as an individual defendant or the adequacy of the specific allegations regarding defendant Medved. Indeed, serial procedural challenges have already occurred in this case. After Judge Bennett resolved defendant's Motion to Dismiss (ECF No. 33), defendant filed a Motion for Judgment on the Pleadings (ECF No. 46) which includes some of the very same arguments already rejected by Judge Bennett.

      Successive challenges to the complaint in this case must be avoided and judicial economy must be promoted. Deferring a decision on plaintiffs' motion for leave to amend until defendant's dispositive motion is decided, as defendant suggests (ECF No. 62 at 2), or allowing the Third Amended Complaint, rather than the Fourth Amended Complaint, to be filed will not advance judicial efficiency. Accordingly, the court will grant leave to plaintiffs to file the Fourth Amended Complaint, which will then be the operative pleading for purposes of the pending Motion for Judgment on the Pleadings.[2]

      For administrative purposes, plaintiffs' counsel is directed to file a separate, brief Motion for Leave to File the Fourth Amended Complaint, as well as that Complaint, and a proposed order.

---

[2] In a conference call with the court and counsel held before the Fourth Amendment Complaint was proposed, plaintiff agreed that if the Third Amended Complaint was allowed, that it would be the operative complaint for purposes of the pending Motion for Judgment on the Pleadings.

<u>Aviles-Cervantes et al v. Outside Unlimited, Inc.</u>
Civil No.: RDB-16-1214
December 8, 2017
Page 4

      This letter order also addresses Plaintiffs' Partially Opposed Motion For Modification of the Scheduling Order ("Plaintiffs' Motion") (ECF No. 40) and Defendant Outside Unlimited's Partial Opposition to Plaintiffs' Motion To Modify The Scheduling Order.  (ECF No. 41).  For the reasons noted below, Plaintiffs' Motion (ECF No. 40) is granted in part and denied in part.

      The parties agree on the proposed schedule with one exception. Defendant opposes plaintiffs' proposed deadline for motions to join additional parties and amendment of pleadings. (ECF No. 40, at 2).  Pursuant to plaintiffs' proposal, the time within which to file a motion to join additional parties and amendment of pleadings would be "30 days after close of opt-in and/or Rule 23 opt-out period or 30 days after denial of Collective Action and/or Class Certification motion, whichever is later." (ECF No. 40-1).  In its opposition filed on October 5, 2017, defendant proposed a specific deadline of November 24, 2017 for the joinder of additional parties and amendment of pleadings. (ECF No. 41, at 1).

      In light of the foregoing order permitting plaintiffs leave to file the Fourth Amended Complaint, the court concludes that it is not appropriate to provide yet another deadline for joinder of additional parties or amendment of the pleadings.  Indeed, one of the arguments in Plaintiffs' Motion (ECF No. 40), was that they wanted to expand the time period of the Complaint to include the years of 2016-17.  The Fourth Amended Complaint now addresses that time period and includes an individual who plaintiffs claim was an employer.  Plaintiffs have not offered any other justification for additional amendments to the pleadings.  Any additional amendments of the pleadings would adversely impact the timely progress of this case.  Accordingly, with the exception of an additional deadline for joinder of additional parties or amendment of pleadings, the court will enter a separate order approving the balance of the parties' proposed scheduling order.

      Notwithstanding the informal nature of this letter, it is an Order of the court and will be docketed accordingly.

      Very truly yours,

      /s/

      Beth P. Gesner
      Chief United States Magistrate Judge